UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHANIE LASHON WILLIAMS,

    Plaintiff,

v.                                                        Case No:   8:13-cv-2444-FtM-DNF

CAROLYN V. COLVIN
ACTING COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff, Stephanie Lashon Williams, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability, disability insurance benefits and supplemental security income. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

**A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

### B. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits and supplemental security income on October 5, 2010, asserting a disability onset date of June 1, 2008. (Tr. 131-138).  Plaintiff's applications were initially denied on December 23, 2010, and then denied upon reconsideration on February 22, 2011.  (Tr. 62-67, 76-79).  Plaintiff then filed a written request for hearing on March 7, 2011 and a hearing was held before Administrative Law Judge Kurt Ehrman (the "ALJ") on March 29, 2012.  (Tr. 11, 84-86).  The ALJ issued an unfavorable decision on April 26, 2012.  (Tr. 8).  On August 13, 2013, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  Plaintiff filed a Complaint in the United States District Court on September 20, 2013.  (Doc. 1).  This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).  The parties consented to proceed before a United States Magistrate Judge for all proceedings on December 9, 2013.  (Doc. 17).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine whether a claimant has proven that he is disabled.  *Packer v. Commissioner of Social Security*, 542 F.App'x 890, 2013 WL 5788574 (11th Cir. Oct. 29, 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of

proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

In this case, the ALJ determined that Plaintiff met the Social Security Act's insured status requirements through September 20, 2012. (Tr. 13). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 1, 2008, the alleged onset date. (Tr. 13). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: schizoaffective disorder, reported as posttraumatic stress disorder; degenerative joint disease of the spine with nerve impingement; osteoarthritis of the knee; hypertension; and obesity. (Tr. 13). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

Before proceeding to step four, the ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> . . .the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a): The claimant can lift up to twenty pounds occasionally and ten pounds frequently; she can stand/walk for about two hours, sit for up to six hours in an 8-hour workday, with normal breaks. The claimant should never climb ladders, ropes, scaffolds, ramps or stairs, and never kneel or crawl. The claimant can occasionally climb ramps, balance, stoop, and crouch. She can frequently reach in all directions and occasionally reach overhead. The claimant should avoid concentrated exposure to extreme heat or cold, wetness or humidity, and excessive vibrations. The claimant should avoid even moderate exposure to hazards such as the use of moving machinery or unprotected heights. She is able to perform simple, routine and repetitive tasks with no more than occasional or superficial interaction with the general public.

(Tr. 16). Given this RFC, the ALJ found at step four that Plaintiff is unable to perform any of her past relevant work as a fast food worker, construction laborer, fruit grader, or nursing home cleaner. (Tr. 21).

At step five, the ALJ relied upon the testimony of a vocational expert ("VE") and found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 22). Specifically, the ALJ found that a person with Plaintiff's RFC, age, education, work experience, could perform the requirements of such jobs as small products assembler, stone setter, and production inspection, lenses. (Tr. 22-23). The ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act, from June 1, 2008, through the date of the decision. (Tr. 23).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401.

Where the ALJ's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the ALJ's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II. Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by finding that Plaintiff did not meet the listing for affective disorders; (2) whether the ALJ erred in giving little weight to the opinion of Dr. Ortiz; and (3) Whether the ALJ erred in rejecting Plaintiff's subjective complaints of pain and fatigue. The Court will address each in turn

**A. Whether the ALJ erred by finding that Plaintiff did not meet the listing for affective disorders**

Plaintiff argues that her reports of symptoms of mental illness and her past hospitalizations support a finding that she meets the listing for affective disorders, Listing 12.04, at Step 3 of the sequential evaluation. (Doc. 22 p. 10). Plaintiff contends that the ALJ's finding that she did not meet the listing was erroneously based on Plaintiff's inability to afford treatment for her mental illnesses. (Doc. 22 p. 9-10). Plaintiff contends that the mental status evaluation performed by Felix Ortiz, Psy.D. shows that Plaintiff was moderately/severely impaired in three of the areas addressed by the listing for affective disorders: activities of daily living, vocational performance and interpersonal relations. (Doc. 22 p. 10).

Defendant responds that Plaintiff waived the issue of whether she met a listing because she failed to sufficiently specify how the facts in her medical record meet the listing for affective disorders. (Doc. 23 p. 5). Defendant argues that even if Plaintiff's argument is not waived, she cannot demonstrate that she meets the criteria of Listing 12.04. (Doc. 23 p. 5-6).

At step three, to meet the requirements of a listing, a plaintiff must "have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. § 404.1525(d). The burden is on Plaintiff to show that she meets the Listings. *Wilkinson on Behalf*

*of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If an impairment manifests only some of the criteria, then it does not qualify, no matter how severe the impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). To meet a Listing, a plaintiff must have a diagnosis included in the Listings, and "must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 1525(a) – (d)). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." *Id*. (citing 20 C.F.R. § 404.1526(a)).

Listing 12.04 provides that "Affective Disorders are characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome." 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.04. "Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation." *Id.* To meet Listing 12.04, a claimant must meet the criteria in Paragraphs A and B or C. *Id.*

In his opinion, the ALJ specifically analyzed whether Plaintiff's mental impairments met the criteria of Listing 12.04 and found that Plaintiff did not satisfy the paragraph B or C requirements. (Tr. 14-16). To satisfy the criteria of paragraph B, a claimant's mental impairments must result in at least two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence and pace; or repeated episodes of decompensation, each of an extended duration. 20 C.F.R. pt. 404, subpt. P., app. 1, § 12.04. The ALJ found that Plaintiff has moderate restrictions in activities of daily living, and moderate difficulties in social functioning and concentration,

persistence, and pace. (Tr. 15). The ALJ further found that Plaintiff has experienced no episodes of decompensation which have been of an extended duration.

In this case, the Court finds that the ALJ did not err in his finding that Plaintiff does not meet the criteria of paragraph B, and thus, that Plaintiff does not satisfy the requirements of Listing 12.04. As to activities of daily living, substantial evidence supports the ALJ's determination that Plaintiff had moderate difficulties. The ALJ noted that Plaintiff is able to care for her personal needs independently, to perform most household chores and prepare simple meals, shop for groceries with a friends, and to move around without assistance. (Tr. 15, 41, 43, 170, 184).

As to the ALJ's finding that Plaintiff had moderate difficulties in social functioning, substantial evidence supports this conclusion. While the ALJ acknowledged that Plaintiff had no close friends, had a history as a victim of sexual abuse as a child, and was arrested for domestic violence, (Tr. 15), the record indicates that Plaintiff reported that she lived with a friend, got car rides from other people, including the mother of a friend, and had a boyfriend. (Tr. 15, 37, 170, 184, 283, 285).

The ALJ's finding that Plaintiff had moderate restrictions in concentration, persistence and pace is supported by substantial evidence. The ALJ noted Plaintiff's attention and concentration were fair at the psychological consultative evaluation, that Plaintiff's cognition was normal, mood normal, affect normal and that Plaintiff was not anxious at a physical consultative evaluation. (Tr. 15, 241, 249). The ALJ noted that Plaintiff had been prescribed psychotropic medication by her primary care physician, and reported that she was okay as long as she takes her medication as prescribed, although evidence documents that Plaintiff admitted noncompliance with prescribed dosages of her medication. (Tr. 15, 232-33, 235, 283).

Finally, the ALJ's finding that Plaintiff has experienced no episodes of decompensation which have been of an extended duration is supported by substantial evidence. The record before the ALJ contained no evidence of Plaintiff experiencing any episodes of decompensation.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). Here, the Court finds that substantial evidence supports the ALJ's consideration of whether Plaintiff met Listing 12.04. Accordingly, the Court will not disturb the ALJ's finding on appeal.

### B. Whether the ALJ erred in giving little weight to the opinion of Dr. Ortiz

Plaintiff argues the ALJ erred in giving little weight to the opinion of one-time examining psychologist Felix Ortiz, Psy.D. who performed a General Clinical Evaluation with Mental Status of Plaintiff at the request of the Commissioner. (Doc. 22 p. 11). Plaintiff contends that there was no basis for the ALJ's finding that Plaintiff exaggerated her symptoms during the evaluation by Dr. Ortiz and that the ALJ substituted his own opinion for that of the medical expert. (Doc. 22 p. 11-12). Defendant responds that substantial evidence supports the ALJ's finding that Dr. Ortiz's opinion, based on a single examination of Plaintiff, was inconsistent with the record as a whole. (Doc. 23 p. 13).

An ALJ is required to consider all of the evidence in the case record when he makes his determination. 20 C.F.R. § 404.1520(a), *Brunson v. Astrue*, 850 F. Supp.2d 1293, 1304 (M.D. Fla. 2011). An ALJ must consider the medical opinions that were submitted in the record as well as other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are statements from physicians

and may include a claimant's symptoms, diagnosis and prognosis. 20 C.F.R. § 404.1527(a)(2). The ALJ is required to "state with particularity the weight he gave the different medical opinions and the reasons therefore." *Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987). *See also*, *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)). Without such a statement by the ALJ, a court cannot determine if the merits of claim are rational and supported by substantial evidence. *Id*. at 1179.

The record indicates that Plaintiff was sent to Dr. Ortiz for an evaluation by the Division of Disability Determination. (Tr. 248). Plaintiff revealed to Dr. Ortiz a family history of mental illness and an attempted suicide ten years previous. (Tr. 248). Plaintiff also revealed she hears voices and three years previous she poured hot grease on a friend. (Tr. 249). Dr. Ortiz found Plaintiff suffers from schizoaffective disorder and posttraumatic stress disorder as well as physical ailments. (Tr. 250). He also found these symptoms are moderately/severely impacting Plaintiff's daily activities, and interpersonal interactions as well as her vocational performance. (Tr. 250). Dr. Ortiz recommended Plaintiff receive outpatient therapy and continue with her physicians. (Tr. 250).

In this case, the ALJ did not err in according little weight to the opinion of Dr. Ortiz, as it was consistent with the entirety of Plaintiff's record. The ALJ explained that Dr. Ortiz's opinion was based on Plaintiff's self-reported limitations from a single visit in which no psychological testing was performed. (Tr. 21, 248-250). The ALJ noted that Plaintiff's claim during the visit that she had auditory hallucinations was not voiced in any other physician shown in the record and that no records have been submitted to show that Plaintiff established treatment with a mental health professional even within sixteen months after her evaluation by Dr. Oritz. (Tr. 21). Besides Plaintiff's subjective report to Dr. Ortiz, her record is devoid of any other reports of hearing voices,

fatigue, loss of interest in things, trouble eating and sleeping, decreased concentration, or inability to sit still. (Tr. 20-21, 45-46, 232-237, 239-46, 260-62, 283-86, 289-93, 294-300). In addition, as noted by the ALJ, reviewing psychologist Anne-Marie Bercik, Ph.D., who had the benefit of the entire record, opined that Plaintiff "reported herself significantly more limited than when she reported functional data at the consultative physical examination." (Tr. 14, 281). For these reasons, the Court will not remand this case for the ALJ's decision to accord little weight to the opinion of Dr. Ortiz.

### C. Whether the ALJ erred in rejecting Plaintiff's subjective complaints of pain and fatigue

Plaintiff argues that although the ALJ gave some weight to Plaintiff's complaints of pain, the ALJ improperly discounted some of Plaintiff's testimony because certain treatment had not been offered or provided to her. (Doc. 22 p. 14). Defendant responds that the ALJ's assessment of Plaintiff's subjective complaints of pain were in accordance with agency regulations and Eleventh Circuit case law. (Doc. 23 p. 14). Defendant argues that Plaintiff's medical record and description of daily activities are inconsistent with her allegation of total disability. (Doc. 22 p. 18).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be

reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 Fed. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. [citations omitted]. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson v. Barnhart*, 284 F.3d at 1225. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)). The court can rely on discrepancies in claimant's descriptions of daily life and claims of infirmity to evaluate the claimant's credibility. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (the ALJ's negative credibility determination was based on the fact that Plaintiff could drive, provide childcare, bathe and take care of herself, and do housework).

In his opinion, the ALJ found that Plaintiff's impairments could have reasonably caused Plaintiff's alleged symptoms, but that the symptoms were not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. (Tr. 17). The ALJ's finding is not reversible error. As the ALJ noted in his opinion, Plaintiff's "daily activities in the record do not show limitations that are disabling." (Tr. 19). The ALJ noted that Plaintiff is able to care for her personal needs independently, manage finances, shop, complete household chores, and function without the help of an assistive device. (Tr. 19). The record of shows that despite her claim of claim of total disability, Plaintiff told her primary care physician that she rode a bicycle a mile about every other day in late 2010 (Tr. 232-33), and, in December 2011, Plaintiff reported walking half a mile seven days per week. (Tr. 283). The ALJ properly evaluated Plaintiff's activities and the objective medical evidence and determined her statements were inconsistent with

the medical evidence which only supported a determination of a limited range of sedentary work, not complete disability. (Tr. 16). Accordingly, the Court will not disturb the ALJ's decision on appeal.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 23, 2015.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties